## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

MICHAEL ANTHONY JONES                   CIVIL ACTION NO. 6:09-0459

VS.                                     SECTION P

ST. LANDRY PARISH PRISON, ET AL.        JUDGE MELANÇON

                                        MAGISTRATE JUDGE HILL

### REPORT AND RECOMMENDATION

_____*Pro se* plaintiff, Michael Anthony Jones, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 in the United States District Court for the Middle District of Louisiana on March 11, 2009.  The action was subsequently transferred to this court. [rec. doc. 3].  Plaintiff is currently incarcerated at the River Bend Correctional Center in Lake Providence, Louisiana.  However, he complains that he was provided an inappropriate diet during the time he was jailed at the St. Landry Parish Prison (SLPP) in Opelousas.  Plaintiff names  SLPP Warden Moore, Nurse Linda, Nurse Tammy, Dietician Ms. Stephanie and Kitchen Manager Mr. Darbonne.  He seeks damages for pain and suffering and mental anguish, as well as  injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## FACTUAL BACKGROUND

Plaintiff apparently suffers from diabetes and high blood pressure.  In his Complaint and Amended Complaints, plaintiff alleges that, from June 13, 2008 through October 3 or 4, 2008[1] , he was incarcerated as a pre-trial detainee at the SLPP.  During this period, plaintiff alleges that he complained to Ms. Stephanie, the dietician, that the facility's diet for diabetics and persons suffering from high blood pressure was inappropriate.  More specifically, plaintiff complains that instead of providing a diet of low fat dairy products, fish, fruit and vegetables, and whole grain bread or cereal, he was provided a diet rich in starch (biscuits, rice, white bread, and, grits) with too much salt. Ms. Stephanie advised plaintiff to speak to Nurse Tammy and Nurse Linda.  The nurses allegedly advised plaintiff that he should be provided a diet plan appropriate for his medical condition and, that the facility and its employees were doing their best to provide such a diet.  Plaintiff complains, however, that the SLPP didn't have a licensed dietician, to plan a better diet for him.  As a result of his allegedly inappropriate diet, plaintiff alleges that his blood pressure and blood sugar remained "unbalance[d]" and that his "eyesight is worse." Plaintiff therefore seeks a "reward" of $200,000 for pain and suffering and mental anguish.  He also seeks an injunction requiring the facility to provide a "better food plan" for inmates with diabetes and high blood pressure._____

---

[1] In his Amended Complaint, plaintiff alleged that he was incarcerated at SLPP from June - October 2007; however, pursuant to this Court's Order, he  corrected the dates and alleged that his detention at the SLPP occurred in those same months in 2008.  *See* rec. docs. 16 and 19.

With respect to Warden Moore, plaintiff complains that although he submitted several letters and grievances, the Warden "did not take this matter seriously."  Plaintiff has provided a copy of a grievance dated August 22, 2008, which was received by prison officials on September 1, 2008.  The grievance was forwarded to the Medical Department, kitchen and commander. Plaintiff was transferred to the Ouachita Parish Correctional Center on October 3 or 4, 2008.

## LAW AND ANALYSIS

**Screening**

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

3

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Petitioner has been afforded an opportunity to provide a sufficient factual basis to support of a constitutional claim. Considering the allegations in plaintiff's original and amended complaints, and accepting those allegations as true, for the reasons which follow, plaintiff's complaint, nevertheless fails to set forth a constitutional claim.

**I. Plaintiff's Diet**

Claims of pre-trial detainees are considered under the Fourteenth Amendment due process clause rather than the Eighth Amendment. *Hare v. City of Corinth,* 74 F.3d 633, 639 (5th Cir. 1996).   When considering claims asserted by pre-trial detainees,  the applicable standard depends upon whether the claim is directed to a general "condition of confinement" or to an "episodic act or omission." *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997) *quoting Hare,* 74 F.3d at 644.

In episodic act or omission case, "the complained-of harm is a particular act or omission of one or more officials," where "an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to . . . the municipality that

4

permitted or caused the act or omission." *Id*.  A prison official's constitutional liability to pre-trial detainees for episodic acts or omissions is measured by the standard of subjective deliberate indifference enunciated by the United States Supreme Court in *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994).  *Hare*, 74 F.3d at 643.  The plaintiff must show that he suffered  a sufficiently serious deprivation and deliberate indifference by prison officials.  *Hare*, 74 F.3d at 643 and 650.   This is the same standard applicable to convicted prisoners under the Eighth Amendment.  *Sibley v. LeMaire,* 184 F.3d 481, 489 (5th Cir. 1999).

Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law.  *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Farmer,* 114 S.Ct. at 1980.  Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a § 1983 claim.  *Farmer,* 114 S.Ct.  at 1978; *Sibley*, 184 F.3d at 489.  Moreover, deliberate indifference cannot be proven through cumulative group acts, but rather, each defendant must independently be shown to have acted with subjective deliberate indifference.  *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

"A 'condition of confinement' case is a 'constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement.'" *Scott,* 114 F.3d at 53 *quoting Hare,* 74 F.3d at 644.  With respect to the claims falling into the category of "conditions of confinement," the court must decide whether the condition is imposed for

the purpose of punishment or whether it is incident to some legitimate non-punitive governmental purpose and whether it is excessive in relation to that purpose.  *Bell*, 441 U.S. at 538, 99 S.Ct. at  1873-74.  However, for all detainees,  " '[t]here is, of course, a *de minimis* level of imposition with which the  Constitution is not concerned.' "  *Bell,* 441 U.S. at 539 n. 21, 99 S.Ct. at  1874 n. 21 *quoting Ingraham v. Wright*, 430 U.S. at 674, 97 S.Ct. at 1414.

Restraints that are reasonably related to the institution's interests do not, without more, constitute unconstitutional punishment, "even if they are discomforting and are restrictions that the detainee would not have experienced had he been released . . . ." *Bell,* 99 S.Ct. at 1875.   While the *Bell* Court did not detail the precise extent of the legitimate governmental interests that may justify any particular condition, the Court did specifically recognize that "the effective management of the detention facility . . . is a valid objective that may justify imposition of conditions and restrictions of pretrial  detention and dispel any inference that such restrictions are intended as punishment." *Id*.   This recognition conforms with the Supreme Court's repeated admonition that it is not the role of federal courts to second guess prison officials or their decisions regarding effective management, as such considerations are peculiarly within the province and professional expertise of corrections officials.  *See Bell,* 99 S.Ct. 1874-75 and 1875 at fn. 23; *Rhodes,* 101 S.Ct. at 2401-02; *Hudson v. McMilliam*, 112 S.Ct. 995, 999 (1992).

To the extent that plaintiff's claim is properly analyzed as an episodic act case, plaintiff has failed to demonstrate that any named defendant was deliberately indifferent

to his to his needs.  To the contrary, plaintiff's allegations demonstrate that the named defendants listened to his complaints and attempted informal resolution of those complaints.  Ms. Stephanie advised plaintiff to speak to Nurse Tammy and Nurse Linda, and these nurses advised that the facility and its employees were doing their best to provide plaintiff a special diet.  While it may have been desirable for the facility to employ a licensed dietician, such a professional is in no way constitutionally required. *See e.g. Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992) (the fact that the care given is not the best that money can buy does not amount to deliberate indifference) and *Benjamin v. Neustrom,* 2010 WL 582735, *5 (W.D. La. 2010) citing *Ruiz v.  Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982) *amended in part and vacated in part on other grounds*, 688 F.2d 266, 267 (5th Cir. 1982) (the constitution does not command that inmates be given the kind of attention that judges would wish to have for themselves; it prohibits only deliberate indifference).

Moreover, the record establishes that although plaintiff was detained on June 13, 2008, he did not submit a formal grievance until almost two months later on August 22, 2008.  That grievance, which was not received until September 1, 2008, was promptly answered and plaintiff's complaint concerning his medical condition and the diet appropriate for that condition was formally referred to the medical department and the kitchen for resolution.  However, it appears that prior to the time that the institution could resolve this issue, plaintiff  was transferred to the Ouachita Parish Corrections Center.

7

Thus, the undersigned cannot find that plaintiff has set forth facts which would support an inference of deliberate indifference on the part of any of the named defendants.  At best, plaintiff  has demonstrated negligence on the part of these defendants.  However, negligence and even gross negligence is insufficient to state a Constitutional claim.  *Farmer,* 114 S.Ct.  at 1978; *Sibley*, 184 F.3d at 489.

To the extent that plaintiff's claim is properly analyzed as a conditions of confinement claim, plaintiff has failed to demonstrate that the allegedly inappropriate diet was imposed for the purpose of punishment.  To the contrary, given the relatively small size of the SLPP, the food provided by prison officials therein appears to be related to a legitimate governmental purpose, to serve inmates adequate and appropriate food based on budgetary and capacity level.

Moreover, plaintiff has failed to demonstrate that the diet he was provided was inadequate for his medical condition in the first instance.  While a diet of low fat dairy products, fish, fruit and vegetables, and whole grain bread or cereal, may have been better than the diet provided, prison officials are not required to provide the best diet, but rather only an adequate diet.  "To comply with the Constitution, inmates must receive 'reasonably adequate' food."  *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996).  On the record before this court, the undersigned cannot find that plaintiff's diet was indeed, not reasonably adequate for his medical condition.

## II. Warden

Plaintiff's sole complaint against Warden Moore is that he failed to take plaintiff's grievance seriously.  Initially, the undersigned notes that there is insufficient evidence in the record demonstrating that Warden Moore had notice of plaintiff's complaint. However, even if he did, plaintiff's claim does not implicate the Constitution.

Prison officials are not obligated to "properly" respond to grievances because "there is no inherent constitutional right to an effective prison grievance procedure." *Overholt v. Unibase,* 221 F.3d 1335, *3 (6th Cir. 2000) *citing  Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991).  *See also Carpenter v. Wilkinson*, 205 F.3d 1339, *2 (6th Cir. 2000) *citing Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) and *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994). Accordingly, this court has held that "[i]nmates 'do not have a constitutionally protected right to a grievance procedure.'" *Oladipupo v. Austin*, 104 F. Supp.2d 626, 638 (W.D. La. 2000) *citing Brown v. Dodson,* 863 F. Supp. 284, 285 (W.D. Va.1994).  Hence, to the extent plaintiff alleges that the Warden did not properly respond to his grievance does not rise to the level of a constitutional violation.[2]

Furthermore, as noted above, the record fails to demonstrate that Warden Moore (or any other prison official) did not properly respond to plaintiff's grievance.  Upon receipt, plaintiff's grievance was referred to the medical department and the kitchen. However, it appears that there was insufficient time for the prison to correct the alleged

---

[2]When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's failure to properly comply with grievance procedures. *See Flick,* 932 F.2d at 729; *Oladipupo,* 104 F. Supp.2d at 638. Plaintiff has taken advantage of his right to petition the courts for redress of his grievance.

deficiency as plaintiff was transferred to the Ouachita Parish Correctional Center approximately one month later.

### III. Injunctive Relief

Plaintiff was transferred from the SLPP to the Ouachita Parish Correctional on October 3 or 4, 2008, and he has since been transferred to the River Bend Center Correctional Center.  Plaintiff's transfer has rendered his request for injunctive relief moot.  *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) *citing Cooper v. Sheriff Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) and *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987).  *See also Geiger*, 404 F.3d at 375 *citing City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (describing a standing limitation on claims for injunctive relief based on inability to demonstrate any likelihood of future harm as result of the defendants' alleged actions).

For the reasons set forth above;

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted  in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, July 23, 2010.

*C. Michael Hill*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE